UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETSY SMITH-LIPSKA,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:17-cv-02205-AC<br><br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-34, and for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381-1383f.[1]

For the reasons that follow, the court will DENY plaintiff's motion for summary judgment, and GRANT the Commissioner's cross-motion for summary judgment.

---

[1] DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and who suffer from a mental or physical disability. 42 U.S.C. § 423(a)(1); Bowen v. City of New York, 476 U.S. 467, 470 (1986). SSI is paid to financially needy disabled persons. 42 U.S.C. § 1382(a); Washington State Dept. of Social and Health Services v. Guardianship Estate of Keffeler, 537 U.S. 371, 375 (2003) ("Title XVI of the Act, § 1381 *et seq.*, is the Supplemental Security Income (SSI) scheme of benefits for aged, blind, or disabled individuals, including children, whose income and assets fall below specified levels . . .").

1

## I. PROCEDURAL BACKGROUND

Plaintiff protectively applied for disability insurance benefits and for supplemental security income on February 11, 2014. Administrative Record ("AR") 13.[2] The disability onset date for both applications was alleged to be May 31, 2010. AR 189. The applications were disapproved initially and on reconsideration. AR 112-17, 119-24. On May 10, 2016, ALJ Christopher Knowdell presided over the hearing on plaintiff's challenge to the disapprovals. AR 30-61 (transcript). Plaintiff appeared with her counsel, Jason Carney, and testified at the hearing. AR 32. Vocational Expert Susan Clavel also testified. Id.

On July 1, 2016, the ALJ issued an unfavorable decision, finding plaintiff "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d), and Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 13-22 (decision), 23-27 (exhibit list). On September 14, 2017, after receiving a Request for Review of Hearing as an additional exhibit, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. AR 1-5 (decision).

Plaintiff filed this action on October 20, 2017. ECF No. 1; see 42 U.S.C. §§ 405(g), 1383c(3). The parties consented to the jurisdiction of the magistrate judge. ECF Nos. 4, 5. The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed. ECF Nos. 12 (plaintiff's summary judgment motion), 15 (Commissioner's summary judgment motion).

## II. FACTUAL BACKGROUND

Plaintiff was born in 1956, and accordingly was 57 years old on the alleged disability onset date, making her a "person of advanced age" under the regulations. AR 20, 189; see 20 C.F.R §§ 404.1563(e), 416.963(e) (same). Plaintiff has a high school education, and can communicate in English. AR 20.

## III. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards."

---

[2] The AR is electronically filed at ECF Nos. 7-3 to 7-23 (AR 1 to AR 1325).

2

Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003). "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir.

////

2006) (quoting <u>Stout v. Soc. Sec. Admin.</u>, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also <u>Burch v. Barnhart</u>, 400 F.3d 676, 679 (9th Cir. 2005).

## IV. RELEVANT LAW

Disability Insurance Benefits and Supplemental Security Income are available for every eligible individual who is "disabled." 42 U.S.C. §§ 423(a)(1)(E) (DIB), 1381a (SSI). Plaintiff is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . ..'" <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); <u>Barnhart v. Thomas</u>, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. §§ 404.1520(a)(4)(i), (b) and 416.920(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

<u>Id.</u>, §§ 404.1520(a)(4)(ii), (c) and 416.920(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, proceed to step four.

<u>Id.</u>, §§ 404.1520(a)(4)(iii), (d) and 416.920(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

<u>Id.</u>, §§ 404.1520(a)(4)(iv), (e), (f) and 416.920(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

<u>Id.</u>, §§ 404.1520(a)(4)(v), (g) and 416.920(a)(4)(v), (g).

4

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or disabled"), 416.912(a) (same); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V. THE ALJ's DECISION

The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2016.
>
> 2. [Step 1] The claimant has not engaged in substantial gainful activity since June 1, 2014, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*)
>
> 3. [Step 2] The claimant has the following severe impairments: hypertrophic obstructive cardiomyopathy, right knee osteoarthritis, diabetes mellitus, hypertension, and sleep apnea (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. [Step 3] The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. [Preparation for Step 4] After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant cannot climb ladders, ropes, or scaffolds. She can occasionally climb ramps and stairs, kneeling, balancing, crawling, and crouching. She can frequently stoop. She must avoid concentrated exposure to heat.
>
> 6. [Step 4] The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).
>
> 7. [Step 5] The claimant was born [in 1956] and was 57 years old, which is defined as an individual of advanced age, on the alleged disability onset date (20 CFR 404.1563 and 416.963).
>
> 8. [Step 5, continued] The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).
>
> 9. [Step 5, continued] The claimant has acquired work skills from past relevant work (20 CFR 404.1568 and 416.968).

10. [Step 5, continued] Considering the claimant's age, education, work experience, and residual functional capacity, the claimant has acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy (20 CFR 404.1569, 404. 1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from June 1, 2014, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

AR 13-22.

As noted, the ALJ concluded that plaintiff was "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d), and Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 22.

## VI. ANALYSIS

Plaintiff alleges that the ALJ erred by finding that plaintiff obtained transferrable job skills working as a food service supervisor at a grocery store. ECF No. 12 at 1. The undersigned disagrees. As the ALJ's opinion notes, the vocational expert ("VE") testified that the claimant's past relevant work as a department manager required the following skills: "ordering, scheduling and customer service that entails resolving customer problems." AR 20. The ALJ found these skills would support sedentary work compatible with plaintiff's RFC. Id. The ALJ specifically based this finding on the VE's response to the question whether occupations exist which could be performed by an individual of the same age, education, past relevant work experience and RFC as the claimant, which require skills acquired by the plaintiff's past relevant work experience but no additional skills. AR 21. The ALJ recounts that the VE identified occupations such as order clerk, customer complaint clerk, and scheduler. Id.

Plaintiff argues that the ALJ failed to acknowledge the requirement specific to individuals of advanced age that transferable job skills to other, sedentary occupations exist only where there is "very little, if any, vocational adjustment required in terms of tools, work processes, work settings, or the industry." ECF No. 12 at 7; 20 CFR § 505, Subpart P, App. 2, § 201.00(f). Plaintiff argues the ALJ failed to make this specific finding and that the VE's testimony was

////

vague. ECF No. 12 at 8-9. The record contradicts this assertion. The VE made a specific finding on the issue:

> [ALJ] Q: So, would it be fair to say that the adjustment would be more than very little if any adjustment?
>
> [VE] A: What's my second choice? I'm sorry, I don't have those written down.
>
> [Attorney]: I take that as a yes.
>
> [ALJ] Q: And, its because it's a different industry there's going to be some adjustment required.
>
> [VE] A: Right, but it's not going to be much. I think it wouldn't, there's not going to be a lot of adjustment. It's not going to be a difficult adjustment to the different industries, because the tools, the setting and the process are pretty much going to be the same. She'd be dealing with people. She'd be working with computers. Using office techniques.

AR 55-56. Based on the VE's testimony in the last sentence quoted, the undersigned finds that although the VE did not use the exact wording of the CFR, she made a sufficiently clear statement as to the "very little, if any" vocational adjustment component of transferability. Any specific failure of the ALJ to reference the VE's testimony on this point is harmless error at most. See Molina v. Astrue, 674 F.3d 1104, 1119 (9th Cir. 2012).

Plaintiff makes a secondary argument that the VE's characterization of plaintiff's work as a grocery store manager is based on faulty assumptions about the work plaintiff actually performed in that position. The court disagrees. First, plaintiff stipulated to Ms. Creighton-Clavel's professional qualifications to testify as a VE. AR 53. When the VE classified plaintiff's past relevant work as that of a department manager, there were no objections. AR 53-54. The VE pointed to specific tasks plaintiff testified to performing in her food service job that would be transferrable, including scheduling, customer service, and taking orders. AR 55. Plaintiff testified that she ran departments and waited on customers. AR 37. Plaintiff's work history report further detailed that she handled stocking, ordering, and managed 4-10 people on a full-time basis. AR 216. Although plaintiff also testified that the job required her to be on her feet during the day and to lift significant loads, that does not negate the experience she gained in customer service and management. AR 37-38.

7

Finally, plaintiff argues that the ALJ failed to consider her age at Step 5. ECF No. 12 at 11. This assertion is not born out by the record. The ALJ specifically accounted for plaintiff's age in his questioning of the ALJ with respect to vocational adjustment, as discussed above. AR 44-45. The ALJ also accounted for plaintiff's age in his order, specifically recognizing that under the regulations plaintiff was a person of advanced age. AR 20. The ALJ did not err by failing to account for plaintiff's age.

## VII. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 12), is DENIED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 15 is GRANTED; and

3. The Clerk of the Court shall enter judgment for defendant, and close this case.

DATED: January 22, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE